1  **LTL ATTORNEYS LLP**
2  Joe Tuffaha (SBN 253723)
   joe.tuffaha@ltlattorneys.com
3  Michael Song (SBN 243675)
   michael.song@ltlattorneys.com
4  Alexander Hu (SBN 279585)
   alex.hu@ltlattorneys.com
5  300 S. Grand Avenue, 14th Floor
   Los Angeles, CA 90071
6  Tel.:   (213) 612-8900
7  Fax:   (213) 612-3773
8
9  Attorneys for Plaintiffs HERBALIFE
   INTERNATIONAL OF AMERICA,
10 INC. and HERBALIFE
   INTERNATIONAL, INC.
11

12              **UNITED STATES DISTRICT COURT**
13            **CENTRAL DISTRICT OF CALIFORNIA**
14                   **WESTERN DIVISION**
15

16 | HERBALIFE INTERNATIONAL | Case No: 2:18-cv-6327 |
17 | OF AMERICA, INC. and | |
   | HERBALIFE INTERNATIONAL, | **COMPLAINT FOR TRADEMARK** |
18 | INC., | **INFRINGEMENT; TRADEMARK** |
   | | **DILUTION; UNFAIR** |
19 |          Plaintiffs, | **COMPETITION, FALSE** |
   | | **DESIGNATION OF ORIGIN, AND** |
20 | | **FALSE ADVERTISEMENT; AND** |
21 |      v. | **UNJUST ENRICHMENT** |
22 | ESMART LLC, d/b/a SMARTLIFE | |
23 | NUTRITION, and DOES 1-10, | **DEMAND FOR JURY TRIAL** |
24 |          Defendants. | |
25
26
27
28

Plaintiffs Herbalife International of America, Inc. and Herbalife International, Inc. (collectively, "Plaintiffs") bring this action against Defendant ESmart LLC, d/b/a SmartLife Nutrition ("SmartLife"), and John Does 1-10 ("Doe Defendants") (collectively, "Defendants") for: (1) trademark infringement in violation of 15 U.S.C. § 1114(1); (2) common law trademark infringement; (3) trademark dilution in violation of 15 U.S.C. § 1125(c); (4) unfair competition, false designation of origin, and false advertising in violation of 15 U.S.C. § 1125(a); (5) unfair competition, false designation of origin, and false advertising in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.* and 17500 *et seq.*; and (6) unjust enrichment.  In support of their Complaint, Plaintiffs allege as follows:

## PARTIES

1.    Plaintiff Herbalife International of America, Inc. ("Herbalife") is a Nevada corporation with its principal place of business in Los Angeles, California.

2.    Plaintiff Herbalife International, Inc. ("Herbalife International") is a Nevada corporation with its principal place of business in Los Angeles, California.

3.    Upon information and belief, Defendant SmartLife is a New Mexico corporation that conducts business in, *inter alia*, California.

4.    The true names, involvement, and capacities, whether individual, corporate, associated or otherwise, of Doe Defendants 1 through 10 are currently unknown to Plaintiffs.  Therefore, Plaintiffs sue these defendants by a fictitious name.  Plaintiffs are informed and believe, and on that basis allege, that the Doe Defendants include persons and entities assisting or acting in concert with SmartLife in connection with the actions complained of herein, and include persons and entities that are responsible in some manner for the events and occurrences referred to herein or are otherwise interested in the outcome of this dispute.  When the true names, involvement, and capacities of these parties are

COMPLAINT

ascertained, Plaintiffs will seek leave to amend this Complaint accordingly.

## JURISDICTION

5.　　This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.  Plaintiffs' federal claims are predicated on 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a) and (c), and Plaintiffs' claims arising under the laws of the State of California are substantially related such that they form part of the same case or controversy under Article III of the United States Constitution.

6.　　This Court has personal jurisdiction over SmartLife because SmartLife purposefully availed itself of the privilege of conducting activities and causing a consequence in the State of California by, among other things, advertising and selling infringing products to consumers within California through one or more highly interactive commercial websites.  For example, SmartLife's infringing products have been advertised and sold on amazon.com (which is accessible in California), and have been purchased by and shipped to parties located in California.

7.　　This Court also has personal jurisdiction over SmartLife because it is intentionally engaging in infringing activities with the intent of causing injury to Herbalife, which it knows is located in California.

## VENUE

8.　　Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this judicial district or, in the alternative, because SmartLife is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

### Plaintiffs and Their Trademarks

9.　　Herbalife is a direct selling company that provides nutrition, weight-management, energy and fitness, and personal care products (hereinafter, "Herbalife products") in more than 90 countries around the world, including the

COMPLAINT

1    United States.

2        10.    Plaintiffs devote a significant amount of time, energy, and resources

3    to protecting the value of their brands, products, name, and reputation.    To

4    promote and protect the Herbalife brand, Herbalife International has registered

5    numerous trademarks worldwide and with the United States Patent and Trademark

6    Office.    These trademarks include, but are not limited to, U.S. Trademark

7    Registration Nos. 2,002,163; 3,404,283; 3,642,777; and 4,402,484 (collectively,

8    the "Tri-Leaf Marks") for a device consisting of three leaves in a circle (the "Tri-

9    Leaf Device").    The goods and services protected by the Tri-Leaf Marks includes,

10    *inter alia*, "nutritional supplements, dietetic foods, all consisting of vitamins,

11    minerals, herbs, fiber and protein, all in tablet, powder, capsule or liquid form."

12    True and correct copies of the registrations for the Tri-Leaf Marks are attached

13    hereto as **EXHIBIT A** and incorporated by reference.    The Tri-Leaf Device

14    appears as follows:



15

16

17

18

19

20        11.    Herbalife International also has U.S. Trademark Registration No.

21    5,433,984 for the mark HERBALIFE NUTRITION ("Herbalife Nutrition Mark")

22    (collectively with the Tri-Leaf Marks referred to herein as the "Herbalife

23    Registered Marks").    A true and correct copy of the registration for the Herbalife

24    Nutrition Mark is attached hereto as **EXHIBIT B** and incorporated by reference.

25        12.    The Herbalife Registered Marks are valid, subsisting, and in full

26    force and effect.    The Herbalife Registered Marks remain in commercial use, and

27    since at least July 15, 2017, have been combined and used in advertising as

28    follows ("Herbalife Top-Line Mark"):

COMPLAINT

**HERBALIFE NUTRITION**

13.     For example, the Herbalife Top-Line Mark has been prominently used on Herbalife's website and in social media.  Captures of Herbalife's website and Facebook page showing the prominent usage of the Herbalife Top-Line Mark, located at http://www.herbalife.com/ and https://www.facebook.com/Herbalife/, are attached hereto as **EXHIBIT C** (as of July 20, 2018).

14.     Herbalife International filed a trademark application for the Herbalife Top-Line Mark (U.S. Trademark Application Serial No. 86/983857), for which the United States Patent and Trademark Office issued a Notice of Allowance.

15.     The Herbalife Registered Marks and the Herbalife Top-Line Mark are collectively referred to herein as the "Herbalife Marks."

16.     Herbalife International owns the Herbalife Marks.  Herbalife is a wholly owned subsidiary of Herbalife International.

17.     Herbalife actively uses, advertises, and markets the Herbalife Marks in commerce throughout the United States.

18.     The Herbalife Registered Marks provides prima facie evidence of Plaintiffs' exclusive right to use the Herbalife Registered Marks in commerce pursuant to 15 U.S.C. § 1115, and they also provide nationwide constructive notice of Plaintiffs' ownership and related exclusive rights pursuant to 15 U.S.C. § 1072.

19.     Pursuant to 15 U.S.C. § 1065, the Tri-Leaf Marks serve as conclusive evidence of Plaintiffs' ownership of the marks and Plaintiffs' exclusive right to use and direct the use of the marks in commerce and in connection with the sale and distribution of the Herbalife products identified in the registrations.  *See* 15 U.S.C. § 1115(b).

COMPLAINT

20.    Due to the superior quality and exclusive distribution of Herbalife products, and because Herbalife is recognized as the source of high quality products, the Herbalife Marks are valuable assets and well-known symbols of Plaintiffs' substantial goodwill.  The general public has come to associate the Herbalife Marks with Plaintiffs' goods and services.

21.    The overall look, feel, appearance, and features of the Herbalife Marks, and their form, shape, image, and styling, are unique, original, non-functional, and a proprietary asset owned by Plaintiffs.

22.    The Herbalife Marks are inherently distinctive as unique indicators of source for Plaintiffs' goods and services and have become famous.

23.    Herbalife has provided nutrition products and programs since 1980. Herbalife's indirect parent corporation, Herbalife Nutrition Ltd., is traded on the New York Stock Exchange, has over 8,000 employees worldwide, and had net sales of approximately $4.5 billion in 2016.  Herbalife also sponsors more than 190 world-class athletes, teams and events around the globe, including Cristiano Ronaldo, the LA Galaxy, and numerous Olympic teams.  Based on its high quality products, billions in net sales, sponsorships of world famous athletes, and advertising—including the consistent use of its HERBALIFE® marks and Tri-Leaf Mark worldwide—both Herbalife and the Herbalife Marks have become famous.

### Defendants' Infringing Use of the Herbalife Marks

24.    Despite Plaintiffs' prior use of and rights in the Herbalife Marks, SmartLife previously has been, and currently is, advertising and promoting within this judicial district and in interstate commerce, products bearing marks that so closely imitate the Herbalife Marks that there is a likelihood of confusion, mistake, and deception among consumers as to source, sponsorship, and/or affiliation.

25.    Upon information and belief, sometime prior to March 2018,

COMPLAINT

SmartLife began selling products bearing marks that infringe the Herbalife Marks through a storefront on amazon.com, and further advertised such products on its facebook.com profile.

26.    A capture of a page showing one of SmartLife's listings on amazon.com, located at https://www.amazon.com/CLA-1000mg-Weight-Loss-Supplement/dp/B079J4MYKX/ref=sr_1_1_a_it?ie=UTF8&qid=1531870146&sr= 8-1&keywords=smartlife+cla&smid=AGBI7ZMXRDADN, is attached hereto as **Exhibit D** (as of July 20, 2018).

27.    A capture of SmartLife's facebook.com page, located at https://www.facebook.com/SmartLifeNutrition/, is also attached hereto as **Exhibit E** (as of July 20, 2018).

28.    It is evident from these webpage captures that SmartLife is actively using marks that infringe upon the Herbalife Marks ("Infringing Marks"), and promoting and selling products bearing the Infringing Marks, such as the below:



29.    The Infringing Marks consist of: (1) the graphic featuring three leaves arranged in circle, which infringes the Tri-Leaf Marks; (2) the phrase "SmartLife Nutrition," which infringes the Herbalife Nutrition Mark; and (3) the

COMPLAINT

placement of the leaf graphic to the left of the words arranged in a stacked formation, which infringes the Herbalife Top-Line Mark.   A side-by-side comparison of SmartLife's use of the Infringing Marks and Plaintiffs' use of the Herbalife Marks is depicted below, with the infringing use on the left and the genuine use on the right:

**SmartLife's Infringing Use**        **Plaintiffs' Genuine Use**

30.    Upon information and belief, SmartLife's use of the Infringing Marks has caused confusion and mistake, and has deceived consumers as to an affiliation, connection, or association between Plaintiffs and SmartLife.   Upon information and belief, this use has also caused confusion, mistake, or deception as to the origin, sponsorship, or approval by Plaintiffs of SmartLife's products. Upon information and belief, this use has diluted the Herbalife Registered Marks both by blurring the source of Plaintiffs' products and tarnishing Plaintiffs' strong brand.

31.    SmartLife was incorporated in December 2017 and thus, its use of the Infringing Marks came after Plaintiffs' first use of the Herbalife Marks and after federal registration of the Herbalife Registered Marks.

32.    On June 20, 2018, Herbalife sent a cease-and-desist letter to SmartLife's registered principal place of business demanding that it cease and desist its use of the Infringing Marks by July 17, 2018, and provide a written response by July 3, 2018, *inter alia*, confirming that it would agree to do so.   As of the date of the filing of this action, Herbalife did not receive any response, and the SmartLife products bearing the Infringing Marks remain on SmartLife's amazon.com storefront and facebook.com profile.

COMPLAINT

33.    As of the time of the filing of this Complaint, SmartLife has continued to use the Infringing Marks and to advertise and sell products bearing the Infringing Marks.

## Plaintiffs Have Suffered Substantial Harm
## As a Result of Defendants' Conduct

34.    As a proximate result of SmartLife's actions, Plaintiffs have suffered, and will continue to suffer, irreparable harm to the Herbalife Marks and to the goodwill associated with the Herbalife Marks.

35.    Upon information and belief, SmartLife's conduct is knowing, intentional, willful, malicious, wanton, and contrary to law.

36.    Plaintiffs are entitled to injunctive relief because SmartLife will otherwise continue use the Infringing Marks and to sell products bearing the Infringing Marks that are materially different from Herbalife's legitimate products and that do not abide by Herbalife's quality controls.  SmartLife's ongoing illegal conduct has caused and will continue to cause irreparable harm to Plaintiffs' goodwill, and has caused and will continue to cause significant consumer confusion and irreparable harm to the goodwill associated with the Herbalife brand.

## FIRST CAUSE OF ACTION
### Trademark Infringement
### (15 U.S.C. § 1114)

37.    Plaintiffs re-allege and incorporate the allegations set forth in Paragraphs 1 through 36 as if fully set forth herein.

38.    Herbalife International is the owner of the Herbalife Registered Marks.

39.    Herbalife International has registered the Herbalife Registered Marks with the United States Patent and Trademark Office.

40.    The Herbalife Registered Marks are valid and subsisting trademarks

1  in full force and effect.

2      41.    The Infringing Marks, as described above, are confusingly similar to,

3  and a colorable imitation of, the Herbalife Registered Marks.

4      42.    SmartLife willfully and knowingly used, and continues to use, the

5  Infringing Marks in commerce for advertising purposes on the Internet and on its

6  products without Plaintiffs' consent.  The products SmartLife sells bearing the

7  Infringing Marks are not authorized for sale by Plaintiffs.

8      43.    SmartLife's continued use of the Infringing Marks in connection with

9  its products has and is likely to cause confusion, cause mistake, and deceive

10 consumers as to the approval, sponsorship, license, and/or origin of SmartLife's

11 products.  SmartLife's infringing use will cause consumers to falsely believe that

12 its goods are manufactured, licensed, sponsored, endorsed by, transported by,

13 and/or otherwise affiliated with Plaintiffs.

14     44.    SmartLife's use of the Infringing Marks in interstate commerce

15 constitutes trademark infringement in violation of 15 U.S.C. § 1114(1).

16     45.    SmartLife's use of the Infringing Marks has materially damaged the

17 value of the Herbalife Registered Marks, caused significant damage to Plaintiffs'

18 business relations, and infringed the Herbalife Registered Marks.

19     46.    Upon information and belief, SmartLife acted intentionally and/or

20 willfully in using the Infringing Marks, knowing that the Herbalife Registered

21 Marks belonged to Plaintiffs, and without authorization to use said marks.

22 Further, upon information and belief, SmartLife's infringing actions were

23 committed in bad faith and with the intent to cause confusion and mistake, and to

24 deceive consumers.

25     47.    As a proximate result of SmartLife's actions, Plaintiffs have suffered,

26 and will continue to suffer, great damage to their business, goodwill, reputation,

27 and profits in an amount to be proven at trial.

28     48.    Plaintiffs are entitled to recover their damages caused by SmartLife's

COMPLAINT

infringement of the Herbalife Registered Marks and to the disgorgement of SmartLife's profits from its willfully infringing sales and unjust enrichment.

49.    Plaintiffs are entitled to injunctive relief under 15 U.S.C. § 1116 because they have no adequate remedy at law for SmartLife's infringement and, unless SmartLife is permanently enjoined, Plaintiffs will suffer irreparable harm.

50.    Plaintiffs are entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) because SmartLife willfully, intentionally, maliciously, and in bad faith infringed on the Herbalife Registered Marks.

## SECOND CAUSE OF ACTION

### Common Law Trademark Infringement

51.    Plaintiffs re-allege and incorporate the allegations set forth in Paragraphs 1 through 50 as if fully set forth herein.

52.    Plaintiffs are the owner of the Herbalife Marks.

53.    The Herbalife Marks are valid and subsisting trademarks in full force and effect.

54.    The Infringing Marks, as described above, are confusingly similar to, and a colorable imitation of, the Herbalife Marks.

55.    SmartLife willfully and knowingly used, and continues to use, the Infringing Marks in commerce for advertising purposes on the Internet and on its products without Plaintiffs' consent.  The products SmartLife sells bearing the Infringing Marks are not authorized for sale by Plaintiffs.

56.    SmartLife's continued use of the Infringing Marks in connection with its products has and is likely to cause confusion, cause mistake, and deceive consumers as to the approval, sponsorship, license, and/or origin of SmartLife's products.  SmartLife's infringing use will cause consumers to believe falsely that its goods are manufactured, licensed, sponsored, endorsed by, transported by, and/or otherwise affiliated with Plaintiffs.

57.    SmartLife's use of the Infringing Marks has materially damaged the

COMPLAINT

value of the Herbalife Marks, caused significant damage to Plaintiffs' business relations, and infringed the Herbalife Marks.

58.     Upon information and belief, SmartLife acted intentionally and/or willfully in using the Infringing Marks, knowing that the Herbalife Marks belonged to Plaintiffs, and without authorization to use said mark.  Further, upon information and belief, SmartLife's infringing actions were committed in bad faith and with the intent to cause confusion and mistake, and to deceive consumers.

59.     As a proximate result of SmartLife's actions, Plaintiffs have suffered, and will continue to suffer, great damage to their business, goodwill, reputation, and profits in an amount to be proven at trial.

60.     Plaintiffs are entitled to recover their damages caused by SmartLife's infringement of the Herbalife Marks and to the disgorgement of SmartLife's profits from its willfully infringing sales and unjust enrichment.

61.     Plaintiffs are entitled to injunctive relief because they have no adequate remedy at law for SmartLife's infringement and, unless SmartLife is permanently enjoined, Plaintiffs will suffer irreparable harm.

62.     In harming Plaintiffs, SmartLife has acted with willful misconduct and actual malice.  Accordingly, Plaintiffs are entitled to an award of punitive damages.

### THIRD CAUSE OF ACTION

### Trademark Dilution

### 15 U.S.C. § 1125(c)

63.     Plaintiffs re-allege and incorporate the allegations set forth in Paragraphs 1 through 62 as if fully set forth herein.

64.     The Herbalife Registered Marks are distinctive and famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and were distinctive and famous prior to the date of SmartLife's conduct challenged herein and prior to SmartLife's incorporation in December 2017.

COMPLAINT

65.    Upon information and belief, SmartLife's use, sale, and transportation of products bearing the Infringing Marks is likely to blur the public's perception of the Herbalife Registered Marks and to cause the consuming public to believe that SmartLife's products were manufactured by and/or affiliated with Plaintiffs.

66.    Upon information and belief, SmartLife's use, sale, and transportation of products bearing the Infringing Marks have diluted and will continue to dilute the Herbalife Registered Marks, are likely to impair the distinctiveness, strength and value of the Herbalife Registered Marks, and injure Plaintiffs' business reputation and the value of the Herbalife Registered Marks.

67.    SmartLife's unlawful actions described above constitute trademark dilution in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(c).

68.    Plaintiffs have been damaged as a result of SmartLife's infringement of their trademarks both by being blurred and tarnished.  SmartLife's use of the Infringing Marks has greatly injured Plaintiffs' general reputation, causing Plaintiffs damages in an amount not yet ascertainable, but that will be determined at trial.

69.    Upon information and belief, SmartLife has derived and received from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but that will be determined at trial.

70.    Upon information and belief, SmartLife acted intentionally and/or willfully in using the Infringing Marks, knowing that the Herbalife Registered Marks belonged to Plaintiffs, and without authorization to use said marks. Further, upon information and belief, SmartLife's infringing actions were committed in bad faith and with the intent to cause confusion and mistake, and to deceive consumers.

71.    SmartLife's unlawful actions described above have caused injury and damages to Plaintiffs, and have caused irreparable injury to Plaintiffs' goodwill

COMPLAINT

1 and reputation, and will continue to do so unless enjoined by the Court.

2      72.    Plaintiffs are entitled to injunctive relief under 15 U.S.C. § 1116

3 because they have no adequate remedy at law for SmartLife's actions and, unless

4 SmartLife is permanently enjoined, Plaintiffs will suffer irreparable harm.

5      73.    Plaintiffs are entitled to enhanced damages and attorneys' fees under

6 15 U.S.C. § 1117(a).

7 

**<u>FOURTH CAUSE OF ACTION</u>**

8 

**Unfair Competition, False Advertisement and False Designation of Origin**

9 

**(15 U.S.C. § 1125(a))**

10      74.    Plaintiffs re-allege and incorporate the allegations set forth in

11 Paragraphs 1 through 73 as if fully set forth herein.

12      75.    Plaintiffs are the owner of the Herbalife Marks.

13      76.    Herbalife International has registered the Herbalife Registered Marks

14 with the United States Patent and Trademark Office.

15      77.    The Herbalife Marks are valid and subsisting trademarks in full force

16 and effect.

17      78.    The Infringing Marks, as described above, are confusingly similar to,

18 and a colorable imitation of, the Herbalife Marks.

19      79.    SmartLife willfully and knowingly used, and continues to use, the

20 Infringing Marks in commerce for advertising purposes on the Internet and on its

21 products without Plaintiffs' consent. The products SmartLife sells bearing the

22 Infringing Marks are not authorized for sale by Plaintiffs.

23      80.    SmartLife's advertisements and promotions of their products

24 unlawfully using the Infringing Marks have been disseminated to the relevant

25 purchasing public.

26      81.    SmartLife's continued use of the Infringing Marks in connection with

27 its products has and is likely to cause confusion, cause mistake, and deceive

28 consumers as to the approval, sponsorship, license, and/or origin of SmartLife's

COMPLAINT

products. SmartLife's infringing use will cause consumers to believe falsely that its goods are manufactured, licensed, sponsored, endorsed by, transported by, and/or otherwise affiliated with Plaintiffs.

82.     SmartLife's unauthorized and deceptive use of the Infringing Marks is material and likely to influence customers to purchase the product.

83.     SmartLife's unauthorized use of the Infringing Marks in advertising, and otherwise, infringes the Herbalife Marks.

84.     Upon information and belief, SmartLife acted intentionally and/or willfully in using the Infringing Marks, knowing that the Herbalife Marks belonged to Plaintiffs, and without authorization to use said marks. Further, upon information and belief, SmartLife's infringing actions were committed in bad faith and with the intent to cause confusion and mistake, and to deceive consumers.

85.     SmartLife's unlawful actions described herein constitute unlawful, unfair, and/or fraudulent business acts or practices. SmartLife's actions thus constitute unfair competition, false advertisement, and false designation of origin under 15 U.S.C. § 1125(a).

86.     As a proximate result of SmartLife's actions, Plaintiffs have suffered, and will continue to suffer, great damage to their business, goodwill, reputation, and profits in an amount to be proven at trial.

87.     Plaintiffs request disgorgement of all profits wrongfully obtained by SmartLife through its unfair competition, false advertisement, and false designation of origin, and restitution to Plaintiffs in an amount to be proven at trial.

88.     Plaintiffs are entitled to injunctive relief under 15 U.S.C. § 1116 because they have no adequate remedy at law for SmartLife's actions and, unless SmartLife is permanently enjoined, Plaintiffs will suffer irreparable harm.

89.     Plaintiffs are entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a).

COMPLAINT

## FIFTH CAUSE OF ACTION

### Unfair Competition, False Advertisement and False Designation of Origin

### (Cal. Bus. & Prof. Code §§ 17200 *et seq.* and 17500 *et seq.*)

90.     Plaintiffs re-allege and incorporate the allegations set forth in Paragraphs 1 through 89 as if fully set forth herein.

91.     Plaintiffs are the owner of the Herbalife Marks.

92.     Herbalife International has registered the Herbalife Registered Marks with the United States Patent and Trademark Office.

93.     The Herbalife Marks are valid and subsisting trademarks in full force and effect.

94.     The Infringing Marks, as described above, are confusingly similar to, and a colorable imitation of, the Herbalife Marks.

95.     SmartLife willfully and knowingly used, and continues to use, the Infringing Marks in commerce for advertising purposes on the Internet and on its products without Plaintiffs' consent.  The products SmartLife sells bearing the Infringing Marks are not authorized for sale by Plaintiffs.

96.     SmartLife's advertisements and promotions of their products unlawfully using the Infringing Marks have been disseminated to the relevant purchasing public.

97.     SmartLife's continued use of the Infringing Marks in connection with its products has and is likely to cause confusion, cause mistake, and deceive consumers as to the approval, sponsorship, license, and/or origin of SmartLife's products.  SmartLife's infringing use will cause consumers to falsely believe that its goods are manufactured, licensed, sponsored, endorsed by, transported by, and/or otherwise affiliated with Plaintiffs.

98.     SmartLife's unauthorized and deceptive use of the Infringing Marks is material and likely to influence customers to purchase the product.

99.     SmartLife's unauthorized use of the Infringing Marks in advertising,

COMPLAINT

and otherwise, infringes the Herbalife Marks.

100.   Upon information and belief, SmartLife acted intentionally and/or willfully in using the Infringing Marks, knowing that the Herbalife Marks belonged to Plaintiffs, and without authorization to use said marks.  Further, upon information and belief, SmartLife's infringing actions were committed in bad faith and with the intent to cause confusion and mistake, and to deceive consumers.

101.   SmartLife's unlawful actions described herein constitute unlawful, unfair, and/or fraudulent business acts or practices.  SmartLife's actions thus constitute unfair competition, false advertisement, and false designation of origin under Cal. Bus. & Prof. Code §§ 17200 *et seq.* and 17500 *et seq.*  SmartLife's actions also constitute unfair competition under the common law.

102.   As a proximate result of SmartLife's actions, Plaintiffs have suffered, and will continue to suffer, great damage to their business, goodwill, reputation, and profits in an amount to be proven at trial.

103.   Plaintiffs request disgorgement of all profits wrongfully obtained by SmartLife through its unfair competition, false advertisement, and false designation of origin, and restitution to Plaintiffs in an amount to be proven at trial.

104.   SmartLife's acts have caused and will continue to cause irreparable harm to Plaintiffs.  Plaintiffs are entitled to a judgment enjoining and restraining SmartLife from engaging in further acts of unfair competition, false advertisement, and false designation of origin.

## SIXTH CAUSE OF ACTION

### Unjust Enrichment

105.   Plaintiffs re-allege and incorporate the allegations set forth in Paragraphs 1 through 104 as if fully set forth herein.

106.   SmartLife's use of the Infringing Marks has confused and deceived consumers to believe falsely that its goods are manufactured, licensed,

COMPLAINT

sponsored, endorsed by, transported by, and/or otherwise affiliated with Plaintiffs.

107. The circumstances are such that it would be inequitable, unconscionable, and unjust to permit SmartLife to retain the benefit of the sales it has unfairly obtained from the use of the Infringing Marks.

108. Plaintiffs request disgorgement of all profits wrongfully obtained by SmartLife through its use of the Infringing Marks, and restitution to Plaintiffs in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief and judgment as follows:

1. Judgment in favor of Plaintiffs and against SmartLife in an amount to be determined at trial, but in excess of $500,000, including, but not limited to, compensatory damages, statutory damages, treble damages, restitution, disgorgement of profits, punitive damages, and pre-judgment and post-judgment interest, as permitted by law;

2. A permanent injunction enjoining SmartLife and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by SmartLife and all of those in active concert and participation with SmartLife (the "Enjoined Parties") as follows:

   i)   Prohibiting the Enjoined Parties from advertising or selling, via the Internet or otherwise, all products bearing the Infringing Marks or any other mark, logo, or device that is confusingly similar to Plaintiffs' Herbalife Marks;

   ii)  Prohibiting the Enjoined Parties from using the Infringing Marks or any other mark, logo, or device that is confusingly similar to Plaintiffs' Herbalife Marks in any manner, including advertising on the Internet;

iii)   Prohibiting the Enjoined Parties from importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any products bearing the Infringing Marks or any other mark, logo, or device that is confusingly similar to Plaintiffs' Herbalife Marks;

iv)   Requiring the Enjoined Parties to take all actions to remove from the Enjoined Parties' websites or storefronts the Infringing Marks and any other mark, logo, or device that is confusingly similar to Plaintiffs' Herbalife Marks; and

v)   Requiring the Enjoined Parties to take all actions, including but not limited to, requesting Internet search engines (such as Google, Yahoo!, and Bing) to remove from the Internet the Infringing Marks and any other mark, logo, or device that is confusingly similar to Plaintiffs' Herbalife Marks;

3.   An award of attorneys' fees, costs, and expenses; and

4.   Such other and further relief as the Court may deem appropriate.

Dated: July 20, 2018                    Respectfully submitted,

By:    /s/ Joe Tuffaha
                                             Joe Tuffaha
                                             Michael Song
                                             Alexander Hu

                                             *Attorneys for Plaintiffs Herbalife*
                                             *International of America, Inc. and*
                                             *Herbalife International, Inc.*

COMPLAINT

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of all issues so triable.


Dated: July 20, 2018                              Respectfully submitted,


By:     _/s/ Joe Tuffaha_

Joe Tuffaha
Michael Song
Alexander Hu

***Attorneys for Plaintiffs Herbalife International of America, Inc. and Herbalife International, Inc.***

COMPLAINT